## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

JEAN ELIZABETH KAUFMAN,          )
                                        )
        **Plaintiff,**          )
                                          )
**v.**          )          **CIVIL ACTION NO. 1:12-0237**
                                          )
**UNITED STATES OF AMERICA,**          )
                                          )
        **Defendant.**          )

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Compel (Document No. 27.), filed on May 31, 2013. Having thoroughly considered the issues raised by this Motion, the undersigned concludes that Plaintiff's Motion to Compel (Document No. 27.) should be denied.

### PROCEDURAL BACKGROUND

On September 12, 2011, Plaintiff filed a "Motion to Revive Plaintiff's FTCA (28 U.S.C. 1346(b)) Claim" in Civil Action No. 1:10-0071. (Civil Action No. 1:10-0071, Document No. 73.) In support, Plaintiff stated as follows (Id.):

> At this point in time, the Plaintiff has completely exhausted her administrative remedy requirements and seeks to revive her FTCA claim against the U.S. Government, who is being substituted for Defendant Baynard. Plaintiff Kaufman submitted her Tort Claim to the appropriate agency on January 18, 2011, and was given receipt of the submission. When a tort claim is submitted, it is considered closed/denied when either the Bureau of Prisons (appropriate party) has responded or six months have elapsed without response to the Tort Claim submission. As of July 18, 2011, there has been no response from the appropriate agency in regards to this claim. In the court's opinion and order (Document No. 46), it is explained to the Plaintiff that upon exhaustion of her administrative remedies Plaintiff may revive the FTCA claim under 28 U.S.C. § 2679(d)(5).

By Order entered on February 3, 2012, the undersigned construed Plaintiff's "Motion to Revive Plaintiff's FTCA Claim" as a civil action filed under Federal Tort Claims Act , 28 U.S.C. §§ 1346(b)

and 2671, *et seq*, thereby initiating <u>Kaufman v. United States</u>, Civil Action No. 1:12-0237. (Civil

Action No. 1:12-0237, Document No. 1-1.) Specifically, the undersigned ordered as follows:

> [I]t is hereby **ORDERED** that the Clerk open a new civil action, include therein a
> copy of Plaintiff's Motion (Document No. 73), and file the Motion (Document No.
> 73) *nunc pro tunc* to September 12, 2011. The undersigned further **ORDERS** that the
> Clerk send Plaintiff a copy of a form Complaint and Application to Proceed *in Forma
> Pauperis* and that within 30 days of the date of entry of this Order (1) Plaintiff file,
> if she wishes, the form Complaint specifying her claims, and (2) Plaintiff either pay
> the $350.00 filing fee or file the Application to Proceed *in Forma Pauperis* as
> required by 28 U.S.C. § 1915(a)(1).

(<u>Id.</u>) On March 7, 2012, Plaintiff filed her Complaint and Application to Proceed Without

Prepayment of Fees. (<u>Id.</u>, Document Nos. 4 and 5.) In her Complaint, Plaintiff alleges as follows:

> On January 8, 2008, I was assaulted by Officer H. Baynard. I was waiting in line at
> the dining hall. Inmate Brandy Stevens was in front of me and she went through the
> door that Baynard was holding open. Baynard began yelling at her that she entered
> the wrong door and demanded that she come back out of the building and go back
> through the other door. Neither door was marked enter or exist. I waited for Stephens
> to come back around and mumbled to her "that was real important." Baynard heard
> what I said to her and yelled at me, demanding my ID. He then ordered me to report
> to the Lieutenant's office after the meal. He instructed me to get back in line and I
> complied. Immediately, Baynard called me back over to the entrance and ordered me
> outside. As I walked outside, he was screaming obscenities and threatening me.
> Quietly and without animosity, I said that he was speaking to me disrespectfully and
> to please stop. He then ordered, "fine, put your hands on the wall." I complied and
> C.O. Baynard began roughly searching me. He continued to strike at my pockets
> where I had paper. I turned my head to the right and told him that I wanted to speak
> to Captain DuPuis. Suddenly, I was slammed into the wall repeatedly. I lifted my
> hands above my head and cried out "Stop touching me! I want to see the Captain.
> Stop touching me!" He continued to slam me against the wall. He then grabbed my
> arm and neck and swung me around to face the opposite direction and swung me onto
> the ground approximately six feet away from the building. C.O. Baynard then planted
> his knee in my back dropping his full weight upon me. He never handcuffed me and
> never called for assistance even though several officers were just inside the building.
> Inmates could see from the window and began pounding on the window and calling
> for help. As the A.W., Caption DuPuis and other staff members came out the door,
> I cried out "please someone help me." I was snatched to my feet, still uncuffed, and
> taken to the administrative building. I gave my statement, was seen by medical, and
> then released back to my housing unit.

(<u>Id.</u>, Document No. 4, p. 8.) Plaintiff contends officials at FPC Alderson were aware of "other

instances with C.O. Baynard acting inappropriately with female inmates and failed to provide proper security and safety." (Id.) As relief, Plaintiff requests "monetary compensation in the amount of 1.5 million dollars to address physical, emotional, and financial damages suffered due to the defendant's actions." (Id., p. 9.)

By Order entered on March 20, 2012, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed Plaintiff to serve the Summonses and Complaint pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure. (Id., Document No. 6.) The Clerk issued Summonses on March 20, 2012. (Id., Document No. 7.)

On April 10, 2012, the United States filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction and Memorandum in Support. (Id., Document Nos. 8 and 9.) First, the United States argues that Plaintiff's Complaint should be dismissed because she failed to file her form Complaint within the time frame set forth in the Court's Order dated February 3, 2012. (Id., Document No. 8, pp. 2 - 3.) Second, the United States asserts that the Court lacks subject matter jurisdiction because "[t]he savings provision found at 28 U.S.C. § 2679(d)(5) is inapplicable, as plaintiff's administrative claim was ' . . . presented to the appropriate federal agency within 60-days after dismissal of the civil action." (Id., p. 3.) As Exhibits, the United States attaches the following: (1) A copy of Plaintiff's Standard Form 95 stamped received on January 18, 2011 (TRT-MXR-2011-01771) (Id., Document No. 8-1, pp. 1 - 3.); and (2) A copy of a letter dated January 19, 2011, from the United States Department of Justice acknowledging receipt of Plaintiff's administrative claim (Id., p. 4.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on April 11, 2012, advising her of the right to file a response to the United States Motion to Dismiss. (Id., Document No. 10.) On May 11, 2012, Plaintiff filed her Response in Opposition and Memorandum in Support. (Id., Document Nos. 13 and 14.) First, Plaintiff argues that her Complaint

is timely filed because her Complaint was mailed on March 5, 2012. (Document No. 14, p. 1.) Next, Plaintiff asserts "that her Tort claim has been accepted as timely and the circumstances surrounding the actual date of submission were accepted." (Id.) Plaintiff, therefore, requests that the United States' Motion to Dismiss be denied. (Id.) As Exhibits, Plaintiff filed the following: (1) A copy of the U.S. Postal Service Certified Mail Receipts (Id., p. 3.); (2) A copy of a letter dated January 19, 2011, from the United States Department of Justice acknowledging receipt of Plaintiff's administrative claim (Id., p. 4.); and (3) A copy of a letter dated January 2, 2011, from Plaintiff to Kim White regarding her "tort claim submission" (Id., p. 5.). On May 15, 2012, the United States filed its Reply. (Id., Document No. 16.)

By Proposed Findings and Recommendation entered on January 29, 2013, the undersigned recommended that the United States' Motion to Dismiss be denied. (Id., Document No. 17.) The United States filed its Objections on February 4, 2013. (Id., Document No. 18.) By Memorandum Opinion and Order entered on February 21, 2013, District Judge Faber adopted the undersigned's recommendation and denied the United States' Motion to Dismiss. (Id., Document No. 19.)

On February 22, 2013, the undersigned entered a Scheduling Order requiring that discovery requests to be completed by June 24, 2013, and dispositive motions to be filed by July 24, 2013. (Id., Document No. 20.) On May 31, 2013, Plaintiff filed a Motion to Compel. (Id., Document No. 27.) The United States filed its Response on June 14, 2013.

## STANDARD

The Federal Rules of Civil Procedure contemplate that in conjunction with disclosure, civil discovery is a process of elucidation and clarification of facts and circumstances relevant to claims and defenses as presented in pleadings through which the claims and defenses are validated, defined

and shaped and issues are sharpened and refined for consideration at the dispositive motion stage

and trial of a civil case. The civil discovery process is to be engaged in cooperatively. Violation of

the Rules undermines the process.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to
any party's claim or defense – including the existence, description, nature, custody,
condition, and location of any documents or other tangible things and the identity
and location of persons who know of any discoverable matter. For good cause, the
court may order discovery of any matter relevant to the subject matter involved in
the action. Relevant information need not be admissible at the trial if the discovery
appears reasonably calculated to lead to the discovery of admissible evidence.

Discovery is generally limited therefore to nonprivileged information which is relevant to any

party's claims or defenses, and relevant information is information which is admissible at trial or

might reasonably lead to the discovery of information which is admissible at trial. See State ex rel.

Erie Ins. Property and Cas. Co. v. Mazzone, 218 W.Va. 593, 596, 625 S.E.2d 355, 358 (2005)("A

threshold issue regarding all discovery requests is relevancy. This is so because '[t]he question of

the relevancy of the information sought through discovery essentially involves a determination of

how substantively the information requested bears on the issues to be tried.'" quoting Syllabus Point

4 of State Farm Mut. Auto. Ins. Co. v. Stephens, 188 W.Va. 622, 425 S.E.2d 577 (1992).) Rule 26(g)

provides as follows:

**(1) Signature Required; Effect of Signature.** Every disclosure under Rule 26(a)(1)
or (a)(3) and every discovery request, response, or objection must be signed by at
least one attorney of record in the attorney's own name - - or by the party personally,
if unrepresented . . .. By signing, an attorney or party certifies that to the best of the
person's knowledge, information, and belief formed after a reasonable inquiry:
    **(A)**    with respect to a disclosure, it is complete and correct as of the time
it is made; and
    **(B)**    with respect to a discovery request, response, or objection, it is:

        **(i)**    consistent with these rules and warranted by existing law or

5

> by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
>
> **(ii)** not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>
> **(iii)** neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

**(2) Failure to Sign.** Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

**(3) Sanction for Improper Certification.** If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

When parties request relevant nonprivileged information in Interrogatories under Rules 33, their request "must be answered:(A) by the party to whom they are directed; or (b) if that party is a private corporation, . . . by any officer or agent, who must furnish the information available to the party." Fed.R.Civ.P. 33(b)(1). Federal Rule of Civil Procedure 33(b)(3) through (5) state further as follows:

> **(3) *Answering Each Interrogatory.*** Each Interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.
>
> **(4) *Objections.*** The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.
>
> **(5) *Signature.*** The person who makes the answers must sign them, and the attorney who objects must sign any objections.

"Generic non-specific objections will not suffice when posed in response to reasonable Interrogatories. Objections to reasonable Interrogatories must be specific to each Interrogatory and explain or demonstrate precisely why or how the party is entitled to withhold from answering." <u>Vica</u>

Coal Co., Inc., v. Crosby, 212 F.R.D. 498, 503 (S.D.W.Va. 2003). The Court requires strict

adherence to these Rules. Saria v. Massachusetts Mutual Life Insurance Company, 228 F.R.D. 536,

538 (S.D.W.Va. 2005).

When parties request relevant nonprivileged information in a Request for Production or

Inspection of Documents under Rule 34, "[t]he party to whom the request is directed must respond

in writing . . .." Fed.R.Civ.P. 34(b)(2)(A). Federal Rule of Civil Procedure 34(b)(2)(B) and (C)

provide as follows:

> **(B)** *Responding to Each Item.* For each item or category, the response must either state that
> inspection and related activities will be permitted as requested or state an objection to the
> request, including the reasons.
> **(C)** *Objections.* An objection to part of a request must specify the part and permit inspection
> of the rest.

Objections to Rule 34 requests must be stated specifically, and boilerplate objections regurgitating

words and phrases from Rule 26 are completely unacceptable. Frontier-Kemper Constructors, Inc.,

v. Elk Run Coal Company, Inc., 246 F.R.D. 522, 528 - 529 (S.D.W.Va. 2007).

The Rules anticipate that each objection to a discovery request will state precisely why the

request is objectionable in view of the claims and defenses presented in the litigation. In most if not

all cases, an objection to a discovery request in conformity with the Rules will contain (1) a recital

of the parties' claims and defenses, (2) a summary of the applicable statutory and/ or case law upon

which the parties' claims and defenses are predicated including the elements of each claim or

defense, (3) a discussion of Court decisions considering the breadth or scope of discovery and any

limitations upon discovery in the same or a similar type of case and (4) a statement respecting how

and/or why the request seeks information which is irrelevant or will not likely lead to the discovery

of relevant information or is vague, overly broad, burdensome or interposed for an improper

purpose. Failure to state objections specifically in conformity with the Rules will be regarded as a waiver of those objections. <u>Sabol v. Brooks</u>, 469 F.Supp.2d 324, 328 (D.Md. 2006).

Federal Rule of Civil Procedure 37(a)(1) provides that if a party fails to cooperate in discovery, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37(a)(4) provides that an incomplete answer or response "must be treated as a failure to . . . answer, or respond." Rule 37 (a)(5)(A) – (C) provide as follows:

**(A)** *If the Motion is Granted (or Disclosure or Discovery is Provided After Filing).* If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

    (i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

    (ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or

    (iii)    other circumstances make an award of expenses unjust.

**(B)** *If the Motion is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

**(C)** *If the Motion is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses of the motion.

8

## DISCUSSION

In her Motion to Compel, Plaintiff first requests that the Court require the United States to comply with the following request:

> Personnel file of H. Baynard to include any and all inmate incidents and inmate reports both made about and made by H. Baynard. Records to encompass the entire scope of H. Baynard's employment as a correctional officer and as a Unicore employee. All documents, investigations, logs, journals, field notes, general notes, personal notes, head notes, foot notes, end notes, any and all communications by telephone, e-mail, by mail, in person, or by messenger to supervisors, assistants, any other personnel having knowledge of Baynard's negative or questionable negative behavior involving inmates or other staff. Information should include any documentation on Baynard's interaction with Candace Pollard and Stella Chung. Any and all details of Baynard's transfers to or form other institutions, including the reasons for such transfers.

Plaintiff contends "establishing Baynard's general negative/inappropriate attitude and actions toward inmates is very relevant to her case." (Id., p. 2.) Plaintiff states that she "believes that Baynard must have displayed his overall negative opinion towards inmates on other occasions" and "superior officers had knowledge of Baynard's many difficulties with inmates." (Id.) Next, Plaintiff complains that the United States failed to properly respond to the following request:

> Any and all investigation detail performed at FPC Alderson and SFF Hazelton to include reports from Lt. D. Jones and Lt. Painter as well as statement/communications regarding incident taken by SIS SFF Hazelton. Any and all witness statements regarding this incident/injury to include a list of names of inmates who offered statements but whose statements were not taken (denied). Plaintiff respectfully requests aid in discovery of the whereabouts, from the defendants in seeking witnesses, to support her cause.

Plaintiff complains that "three pages of inmate roster were withheld for 'privacy and security concerns.'" (Id.) Plaintiff states that "the information contained on those pages may be pertinent to plaintiff's case against the United States." (Id.) Therefore, Plaintiff "requests that the court overrule Defense's objection and redactions and order that these documents be disclosed." (Id.)

9

In Response, the United States argues "[t]he Court should deny the motion to compel because plaintiff has not complied with the requirements of LR Civ P 37.1(b)." (Id., p. 2.) Notwithstanding the foregoing, the United States contends that "there are substantive reasons for denying the motion to compel." (Id.) First, the United States asserts "the Court should deny the motion as to Officer Baynard's personnel file because "[p]ersonnel files typically contain health and life insurance information, job locations, family information, and salary." (Id., p. 3.) The United States argues that it "cannot by law produce a personnel file without an employee's consent or a court order." (Id.) The United States notes that it "has produced the investigative file pertaining to plaintiff's allegations against Officer Baynard as well as the OIA summary which shows two charges of misconduct against Officer Baynard." (Id.) Thus, the United States contends that it "has provided plaintiff with documents relevant to the allegations of assault or battery by Officer Baynard which is within the scope of discovery." (Id.)

Next, United States asserts that it identified, but did not produce, the SIA/OIA investigative reports pertaining to inmate Stella Chung and the incident report involving inmate Candace Pollard. (Id., p. 4.) The United States contends that the allegations made by inmate Chung "are different from the issue raised in the complaint, thus, this investigation is not relevant and beyond the scope of discovery." (Id.) The United States further explains that the incident report involving inmate Pollard is "not relevant and beyond the scope of discovery" because inmate Pollard's allegations "did not involve an alleged battery or assault by Officer Baynard." (Id.) Finally, the United States claims that the Privacy Act prohibits it from disclosing the above reports without the consent of those involved or a court order. (Id.)

Finally, the United States argues that Plaintiff's motion "should be denied as to the three

10

pages of the inmate roster from plaintiff's residence building because the alleged battery took place outside the Central Dining Room and because the motion is untimely." (<u>Id.</u>, p. 5.) The United States states that the "information withheld does not have addresses, so it will not assist plaintiff in locating witnesses." (<u>Id.</u>) Further, the United States states that "plaintiff provided witnesses to the OIA investigation and those statements were part of the OIA investigation which was produced to plaintiff on April 23, 2013." (<u>Id.</u>) The United States also claims that the "Privacy Act would protect this information from disclosure without consent of the inmates listed or a court order." (<u>Id.</u>) The United States finally explains that the "roster raises security concerns as the information sought is not publically available." (<u>Id.</u>)

The undersigned finds that Plaintiff failed to comply with Rule 37 of the Federal Rules of Civil Procedure. Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to answer an Interrogatory or Request for Production, the discovering party may move for an Order compelling the answer or production. <u>See</u> Fed. R. Civ. P. 37(a)(3)(B). Additionally, the Rule requires a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). This Court's Local Rules provide in greater detail that "each party shall make a good faith effort to confer in person or by telephone to narrow the areas of disagreement to the greatest extent possible." <u>See</u> L. R. Civ. P. 37.1(b); <u>also see</u> <u>Frontier-Kemper Constructors, Inc.,</u> <u>v. Elk Run Coal Company, Inc.,</u> 246 F.R.D. 522, 526 (S.D.W.Va. 2007)("[I]t is mandatory for parties to meet and confer in person or by telephone prior to filing a motion to compel . . ."). Based on a review of the record, Plaintiff failed to file a certification in compliance with Rule 37. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Compel (Document No. 27.) is

11

**DENIED**.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties are hereby notified that the rulings set forth above may be contested by filing objections to this Order within 14 days. If objections are filed, the District Court, United States District Judge David A. Faber presiding, will consider the objections and modify or set aside any portion of the Order which it finds to be clearly erroneous or contrary to law.

The Clerk is hereby directed to mail a copy of this Order to Plaintiff, who is acting *pro se*, and to counsel of record.

ENTER: June 25, 2013.

R. Clarke VanDervort
United States Magistrate Judge