IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JEAN ELIZABETH KAUFMAN,

    Plaintiff,

v.                              CIVIL CASE NO. 1:12-0237

UNITED STATES OF AMERICA,

    Defendant.

MEMORANDUM OPINION AND ORDER

    Pending before the court is plaintiff's request that her witnesses be permitted to testify remotely (Doc. No. 74) and her motion for deposition testimony (Doc. No. 132). The United States has filed responses to these motions opposing the requested relief (Doc. Nos. 81 and 133). For the reasons that follow, the court denies the motions.

    I.    <u>Plaintiff's Request for Plaintiff's Witnesses' Testimony to be Remote (Doc. No. 74)</u>

    Plaintiff moves the court to permit all of her witnesses to testify remotely either by phone or video conferencing. In support of the motion, plaintiff states that most of her witnesses are more than 300 miles away from this district. Doc. No. 74. Defendant opposes this request, stressing that plaintiff has failed to provide good cause for such a request. Doc. No. 81.

For the reasons stated in defendants' opposition to plaintiff's request (Doc. No. 81), the court denies the motion. Federal Rule of Civil Procedure 43 provides that

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

The Adviosry Committee Notes to this rule elaborate on the requirement, stating that a mere showing of inconvenience cannot justify remote transmission of testimony. Fed. R. Civ. P. 43 (Advisory Committee Note to 1996 Amendment). The Notes further state that good cause and compelling circumstances are most likely to be present when a witness is unavailable for "unexpected reasons, such as accident or illness . . . ." Id.

This court shares the strong preference for live testimony illustrated in the Federal Rules. Plaintiff has shown neither good cause nor compelling circumstances to permit remote testimony. Plaintiff provides no reason as to why travel for "most" of her witnesses would be prohibitive. Furthermore, plaintiff's motion lacks specifics as to which of her witnesses would require remote testimony and logistics as to where and how these witnesses would provide such testimony. The only

2

information provided by plaintiff in support of her motion is that her witnesses are more than 300 miles away. Absent additional information indicating good cause or compelling circumstances, this is simply not enough. See United States v. Kivanc, 714 F.3d 782, 791 n.2 (4th Cir. 2013) (stating, without deciding, that "there is no evidence that the cost of international travel [from Turkey to the Eastern District of Virginia] would be a substantial burden on [the witness]."); see also Lopez v. NTI, LLC, 748 F. Supp. 2d 471, 481 (D. Md. 2010)(travel from Tennessee and Virginia to Maryland did not constitute good cause for remote testimony). As such, plaintiff's motion (Doc. No. 74) is DENIED.

II. Plaintiff's Motion for Deposition Testimony (Doc. No. 132)

Next, plaintiff moves to "depose some of Plaintiff's witnesses" in the event that this court does not permit remote testimony. Doc. No. 132 at 1. It is true that "[a] party may use for any purpose the deposition of a witness, whether or not a party, if the court finds: . . . that the witness is more than 100 miles from the place of the hearing or trial . . . ." Fed. R. Civ. P. 32(a)(4)(B). However, plaintiff has failed to show good cause as to why she should be permitted to take depositions outside of the discovery deadline which has already been

3

extended once at her request.  See Doc. No. 36.  More importantly, as a practical matter, plaintiff offers no details as to how and when such depositions would take place or her financial ability to pay for the court reporters.  The trial is currently set for June 24th, and transcripts would have to be produced on an expedited basis – adding additional expenses.  Notably, plaintiff has not moved to continue the trial date.  For these reasons, plaintiff's motion (Doc. No. 132) is DENIED.

III. Conclusion

For the reasons above, plaintiff's motion for remote testimony (Doc. No. 74) and her motion for deposition testimony (Doc. No. 132) are DENIED.  The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

It is **SO ORDERED** this 17th day of June, 2014.

**ENTER:**

David A. Faber
Senior United States District Judge